**In the Matter of COUNTRY CLUB OF SARASOTA, LTD., Debtor.**

**The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Plaintiff,**

**v.**

**COUNTRY CLUB OF SARASOTA, LTD., Defendant.**

**Bankruptcy No. 81–744.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Aug. 5, 1981.

Weil, Gotshal & Manges, New York City, Williams, Parker, Harrison, Dietz & Getzen, Sarasota, Fla., for plaintiff.

M. Jay Lancer, Sarasota, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 business reorganization case and the matter under consideration is a complaint filed by The Equitable Life Assurance Society of The United States (Equitable Life) which seeks to lift the automatic stay imposed by § 362(a) of the Bankruptcy Code against property owned by the Country Club of Sarasota, Ltd. (the Debtor).

The facts relevant to the resolution of this adversary proceeding can be summarized as follows:

The Debtor is the owner of a partially completed Planned Unit Development (P.U.D.) located in Sarasota, Florida. The property is comprised of 150 single family, unimproved residential lots; an 18 hole golf course with amenity package, i. e. clubhouse and restaurant, swimming pool and tennis courts; and a sewage treatment plant. On April 30, 1980, the Debtor discontinued operations at the Development and ostensibly abandoned the Development leaving it partially completed.

Equitable Life is the holder of a first mortgage encumbering all land and holding of the Debtor and also holds perfected security interests encumbering all equipment and other personal properties owned by the Debtor (Pl's Exh. # 14).

Equitable Life accelerated the Debtor's obligations under the notes and mortgages; petitioned the state court and obtained the appointment of two receivers, one for the country club and one for the sewage treatment facility and commenced its foreclosure action.

On March 23, 1981, nearly one year after the first receiver was appointed, the Circuit Court for the 12th Judicial Circuit, Sarasota, Florida entered a judgment of foreclosure in favor of Equitable Life and against the Debtor in the amount of $5,227,162.80 plus interest at the legal rate of 8% (Pl's Exh. # 2). The final judgment was not appealed.

Pursuant to the final judgment, the property was ordered to be sold. The sale was scheduled to be held on May 5, 1981 but was never held due to the intervention of the bankruptcy proceedings which was instituted by a petition for relief under Chapter 11 filed by the Debtor on May 4, 1981. In due course, Equitable Life filed its complaint and sought a judgment lifting the automatic stay imposed by § 362 of the Bankruptcy Code.

The Court is satisfied that based on the record as established at the preliminary hearing, the value of the subject property is $5,676,000 less discounts for needed repairs to the sewage treatment plant and equipment; for renovations to the facility including complete resurfacing of Hard-Tru tennis courts; deferred maintenance of the facility; outstanding unpaid real and personal property taxes; commissions and sales costs as well as the value of entrepreneurial profit and the time value of money.

The appraised value is comprised of two elements: The value of the golf club facility, to wit: $1,760,000 and the value of the undeveloped lots if sold at an average price of $44,000, to wit: $3,916,000. Although some evidence was presented by the Debtor

that the value of the unimproved lots should be appraised substantially higher, the Court is unpersuaded in light of the fact that such sales would be contingent upon the Debtor's ability to reopen and run the facility making the sales over a substantial period of time and in view of the fact that the Debtor has at present no signed contracts at the proposed higher price.

The Court further finds that the encumberances on the property meet or exceed $6,000,000. Not only is Equitable Life presently owed in excess of $5,320,090, but there are substantial real estate taxes owing (Pl's Exh. #10) and Court authorized receivership certificates outstanding in excess of $100,000 and other encumberances in excess of $350,000 which includes liens for homeowner's association maintenance assessments, liens for unpaid sales taxes and various docketed judgments.

The evidence is without dispute that the Debtor has not made any payments since the date of default; that the Debtor, in fact, abandoned the property; permitted the property to deteriorate and since the subject property is the Debtor's only asset, the Debtor is no longer capable to achieve rehabilitation and would not be in a position to effectuate a reorganization under Chapter 11 of the Bankruptcy Code.

It is Equitable Life's contention that it is entitled to the removal of the automatic stay either under § 362(d)(1) because of lack of adequate protection, or in the alternative, under § 362(d)(2) because this Debtor has no equity in the property and the property is not necessary for an effective reorganization.

In addition, Equitable Life urges the Court to lift the stay for cause because the Debtor filed its Chapter 11 petition in bad faith on the eve of Equitable Life's foreclosure sale, solely for the purpose of delay and to thwart the attempt of Equitable Life to satisfy its interest in the property.

In opposition, the Debtor contends that it has equity in the property and can adequately protect Equitable Life's interest. According to the Debtor, the value ascribed to the property by Equitable Life's appraiser is too low and in fact the comparable sale

selected by the appraiser on which values were partially determined was the "El Conquistador" located in Bradenton, Florida where for the most part property values are less than those obtained in Sarasota, Florida.

In light of the foregoing, this Court is satisfied that the automatic stay should be lifted and that Equitable Life should be permitted to reschedule and complete the foreclosure sale of this property and otherwise enforce its security interest in a court of competent jurisdiction. The Court is further satisfied that Equitable Life established with the requisite degree of proof that the Debtor has no meaningful equity in the property and that the property, while theoretically might be needed for the reorganization, in fact is not because this Debtor is not in a position to effectuate a reorganization. In addition, the Debtor failed to establish that Equitable Life is adequately protected; that the Debtor is in a position to protect the interest of Equitable either by way of periodic payments or by granting additional replacement liens as permitted by § 361(1), (2).

It, therefore, appears appropriate to have the stay lifted both for cause, § 362(d)(1), and under § 362(d)(2).

A separate final judgment will be entered in accordance with the foregoing.